JUAN RAFAEL BERRÍOS, ETC., Plaintiff and Appellee, v.
GUILLERMO GARÁU, Defendant and Appellant.

No. 5970. Argued February 14, 1933.—Decided March 21, 1933.

C. Domínguez for appellant. R. Martínez Nadal and Leopoldo Tormes for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case an action for damages was brought by the minor, Juan Rafael Berríos, through his father, Juan Berríos, against Guillermo Garáu.

The action was prosecuted in due course, and finally the district court rendered judgment in favor of the defendant. The plaintiff appealed and filed a motion which in its pertinent part reads as follows:

"1. That he avails himself of the provisions of Act No. 27, of November, 1917, in connection with those of Act No. 81 of 1919, in order to substitute a transcript of all the evidence for a statement of the case and bill of exceptions to be used in perfecting the appeal taken in this case.

"Accordingly, he prays that this Honorable Court order the stenographer thereof, to prepare said transcript within the term of 20 days, as provided in said acts."

The appellant also filed on the same day a motion praying that the court grant him the benefit of insolvency "so that the stenographer of this court who acted at said trial may prepare

the transcript of all the evidence without any cost whatever to this party plaintiff, . . . . ''

Evidence was taken on the motion of insolvency. F. J. Castillo, Eliseo Pillot, and the plaintiff's representative appeared as witnesses for the plaintiff; and F. Porrata, B. Villalobos, and the defendant himself, who opposed the motion, testified on behalf of the defendant.

The evidence considered as a whole shows that the plaintiff is a child without means and that his father works for a gasoline company earning $10 semimonthly. It also tends to show that the father earns $10 dollars a month over and above his salary and has a small vegetable store (*ventorrillo*), and that the mother owns jointly with another person a small dress-making business.

The district court decided the question as follows:

"On reading the motion filed by the plaintiff in the case at bar, in which he asks the court to issue an order in accordance with the law granting him the benefit of insolvency, so that the stenographer of this court who acted at the trial shall prepare a transcript of all the evidence, without any cost whatever to said plaintiff, a motion which is based on section 5 of the Act approved in 1904, creating the position of stenographer-reporter of the district courts, determining their duties and fixing their salaries and compensations; and it being considered by the court that, according to the provisions of said act, it is not necessary that the petitioner be absolutely insolvent, it being sufficient that he is unable to pay the fees which must be paid to the stenographer for the transcript of the evidence, which fees, in the instant case, due to the importance and extent of the evidence, would amount to quite a considerable sum, and further considering that the evidence introduced in regard to the solvency of the petitioner has shown, in the opinion of the court, that even though he cannot be regarded as an indigent person, he lacks sufficient money to pay the said fees to the stenographer, the motion of the petitioner is hereby sustained and the plaintiff is granted the benefit of insolvency prayed for, and the stenographer of this court is ordered to prepare the transcript of all the evidence introduced in this case, without any cost whatever to the party plaintiff.''

Feeling aggrieved by that ruling, the defendant and the stenographer took the present appeal, and filed a brief in which they maintain that the decision appealed from is void and contrary to law:

"A.—Because said decision granting to the plaintiff-appellee the benefit of insolvency in order that he may obtain the transcript of the evidence, is neither expressly nor impliedly authorized by Act No. 27 of November 27, 1917 (Sess. Laws, p. 274, Vol. II), amended by Act No. 81, of June 26, 1919, (Sess. Laws, p. 674).

"B.—The said decision is neither expressly nor impliedly authorized by the Act creating the position of stenographer-reporter, approved in March, 1904. (See *De Gracia* v. *Guardiola*, 39 P.R.R. 799, Sess. Laws 1904, p. 120.)"

Leaving aside the question of whether or not the appeal lies, especially the one taken by the court stenographer, inasmuch as that question has not been raised by the plaintiff, we shall consider and determine the errors assigned.

An examination of Acts No. 27 of 1917 (Sess. Laws, p. 274) and No. 81 of 1919 (Sess. Laws, p. 674) in regard to the matter shows that they make no express provision as to the question of insolvency.

The Act creating the position of stenographer-reporter, approved on March 10, 1904 (Sess. Laws, p. 120; Comp. Stat. 1911, p. 261), provides as follows:

"Section 5.—It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action: *Provided,* When such copy is requested on behalf of The People of Porto Rico or by a defendant in a criminal case or his attorney, and where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable, by reason of his poverty to pay for such copy so requested by him or his attorney, the stenographer shall issue such copy free

of charge. And in all civil cases in which a party to an action shall file the required affidavit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same. Such copy of the record shall constitute *prima facie* the minutes of the court and may be used on all motions for new trials, review, or appeal, when minutes of the court may be used.''

We think that, as stated by the district judge in his decision, it is not necessary to show an absolute insolvency, it being sufficient if the inability to pay the required fees is established; and after weighing the evidence, we do not think that it can be asserted that the court abused its discretion in deciding that such inability was established in this case.

Now, then, what the plaintiff requested that the stenographer should furnish him gratuitously was not a copy of the stenographic record. It was the so-called transcript of the evidence as a means to perfect his appeal.

Said stenographic transcript comprises according to the Act of 1917, not only a copy of the testimony of the witnesses but also a transcript of the documentary evidence, and of the decisions, rulings, and statements of the court. It is a complete document that constitutes by itself part of the record of the appeal. After it has been approved by the trial court, ''it shall constitute and form part of the judgment roll as if it were the bill of exceptions or statement of the case provided for in section 299 of the aforesaid Code, . . . . '' (sec. 2 of Act No. 27 of 1917, Sess. Laws, 1917, (II) p. 276). In accordance with Act No. 81 of 1919, amending section 299 of the Code of Civil Procedure, ''The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, except in the case of approval of a transcript of the evidence pur-

suant to law. In this case the record of an appeal shall be constituted by the original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided . . . "

Upon examining the text of the Act of 1904, it is found that the same does not expressly comprise the duty that the district court imposed on its stenographer-reporter, and it is easily understood that it should be so, since in 1904 the procedure established by the Act of 1917 for perfecting the appeal did not exist. If the instant case were to be decided on that sole reasoning, the decision must be in favor of the appellants.

There are, however, other reasons that should be taken into consideration. The question rests largely on the discretion of the trial court, and we are of the opinion that that discretion has been properly exercised in this case so that a legal provision in force, like that contained in the Act of 1917, might not be rendered ineffective.

Moreover, the attendant circumstances of this case are such that it may well be concluded that the work which the court imposed on its stenographer, in ordering him to prepare the transcript of the evidence in accordance with the Act of 1917, would add very little to the work that he would have to do if he had been ordered to prepare the stenographic record strictly in accordance with the provisions of the Act of 1904.

The order appealed from must be affirmed.